UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

GARY TOURNIER,

Plaintiff,

v.

THADDEUS M. KIELB, a/k/a
Ted M. Kielb, individually and as Trustee
under that Declaration of Trust dated
September 1, 1995,

Defendant.

Civil No. 00-2240 (DSD/JMM)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on the application of Defendant, Thaddeus M. Kielb, for leave to proceed in forma pauperis, ("IFP"), in this matter. (Docket No. 2.) Defendant's IFP application was accompanied by a submission entitled "Motion and Notice of Motion For Transfer," (Docket No. 1), by which he apparently is attempting to remove a certain state-court lawsuit into federal court, pursuant to 28 U.S.C. § 1441, et seq. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, the Court finds that removal is not permissible in this case. It will therefore be recommended that Defendant's IFP application be DENIED, that his "Motion For Transfer" be DENIED, and that this action be SUMMARILY REMANDED to the state district court where it was originally filed.

## I. BACKGROUND

According to the Complaint in the state court action that Defendant is seeking

FILED OCT 11 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

to remove,[1] Defendant entered into a contract for deed with Plaintiff in 1991. By that contract, Defendant allegedly agreed to sell Plaintiff a certain parcel of real property located in Ramsey County, Minnesota. Plaintiff apparently was to pay the purchase price in installments, and Defendant was to convey the title to Plaintiff upon payment of the full purchase price. Plaintiff alleges that he has tendered the unpaid balance of the purchase price for the property, but Defendant has refused to convey title as required by the contract for deed. Plaintiff commenced the state court lawsuit at issue here to enforce the terms of the contract for deed. Defendant is now attempting to remove that lawsuit to federal court.

## II. DISCUSSION

When a party attempts to remove an action to federal court, he or she normally must pay the same $150 filing fee that is collected by the Clerk of Court when a new federal court case is opened. 28 U.S.C. § 1914(a). In this case, Defendant did not tender the $150 filing fee when he presented his notice of removal, (i.e., the "Motion for Transfer"), to the Clerk, but he instead filed an IFP application asking, in effect, to be excused from paying the filing fee pursuant to the federal IFP statute, 28 U.S.C. § 1915(a). Although § 1915(a) does not expressly refer to removal proceedings, the Court has no doubt that IFP status can be granted -- if warranted -- in such proceedings.

An IFP application will be denied, however, and the action will be dismissed, if the party seeking IFP status has filed a pleading or petition that is legally frivolous. 28

---

[1] A copy of the Complaint in the state court action is attached to Plaintiff's "Motion for Transfer."

U.S.C. § 1915(e)(2)(B)(i). A submission is "frivolous," and is therefore subject to summary dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also, Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990) (a claimant will be denied IFP status if he has not demonstrated "any rational argument in law or fact entitling him to relief").

In Headd v. Headd, No. 94-1001 (8th Cir. 1994), 1994 WL 558185, (an unpublished decision), the Eighth Circuit Court of Appeals held that an IFP application was properly denied, and a petition for removal was properly dismissed, where the IFP applicant's attempt to remove a state court action to federal court was found to be frivolous.[2] Like the district court in Headd, this Court concludes that Defendant's removal effort is frivolous, and that this action must therefore be remanded to the state court from whence it came.

The federal removal statutes provide that

> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a) (emphasis added).

"Because an improper removal would leave the district court without jurisdiction, and would make any decree in the case void, the removal statute must be

---

[2] Although Headd is an unpublished opinion, it can properly be relied upon as precedential case law in actions decided in the Eighth Circuit. Anastasoff v. U.S., 223 F.3d 898 (8th Cir. 2000).

strictly construed, with all doubts resolved in favor of remand." DeLallo v. Teamsters Local Union #776, No. CIV.A. 94-3875 (E.D.Pa. 1994), 1994 WL 423873 at *1, citing Abels v. State Farm Fire and Cas. Co., 770 F.2d 26, 29 (3rd Cir. 1985). See also Sun Buick, Inc. v. Saab Cars USA, Inc., 26 F.3d 1259, 1267 (3rd Cir. 1994) (taking note of "the general principle that the removal statute is to be strictly construed").

The fundamental principles governing removal of state court civil actions to federal court were summarized by the U.S. Supreme Court in Caterpillar v. Williams, 482 U.S. 386 (1987), as follows:

> "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. [Footnote omitted.] Absent diversity of citizenship, federal-question jurisdiction is required. [Footnote omitted.] The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 112-113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. [Footnote omitted.]"

Id. at 392 (emphasis added); see also, Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998); Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1242 (8th Cir. 1995).

The highlighted language from Caterpillar clearly indicates that removability issues must be resolved by looking at the plaintiff's pleading. In the absence of diversity jurisdiction, a state court action can be removed to federal court only if the plaintiff has pleaded a claim based on federal law. If a plaintiff is proceeding exclusively under state law, a defendant cannot cause an action to become removable by pleading a defense or

counterclaim based on federal law. Magee, 135 F.3d at 601 ("[f]ederal-question jurisdiction is not created by a federal defense"); Moore's Federal Practice, (3rd Ed.), § 107.14[3][a][vi] ("a defendant may not allege a federal counterclaim and seek removal on that basis"). As the Supreme Court has noted, the plaintiff is the "master of the claim," so if the plaintiff's action is based solely on state law principles, the defendant is powerless to remove the action to federal court.[3]

The state court proceeding at issue here is not removable, because Plaintiff's action could not have been initiated in federal court. If Plaintiff had attempted to commence his lawsuit in federal court, it would have been dismissed for lack of subject matter jurisdiction. There is no federal question that would allow a federal court to exercise subject matter jurisdiction in this case, because it clearly appears on the face of the Complaint that Plaintiff's action is based solely on state real estate law, and not on any type of federal law. It further appears that both Plaintiff and Defendant are Minnesota residents, so federal jurisdiction could not be based on diversity of citizenship.[4]

---

[3] There is one narrow exception to this rule, known as the "complete pre-emption doctrine." Caterpillar, 482 U.S. at 393. As explained by the Supreme Court, "[o]nce an area of state law has been completely pre-empted [by federal law], any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim." Id. The complete pre-emption doctrine has been applied primarily in labor law cases where federal labor law has effectively superseded any potentially relevant state law. Shuver v. Midamerican Energy Company, 154 F.3d 795, 798 (8th Cir. 1998). The complete pre-emption doctrine cannot be applicable here, because no federal law has pre-empted any state law relevant to the claims presented in Plaintiff's Complaint.

[4] The civil cover sheet filed by Defendant in this matter shows that he resides in Hennepin County, Minnesota, and that Plaintiff resides in Ramsey County, Minnesota.

Because this action could not have been filed in federal court at its inception, due to lack of subject matter jurisdiction, it cannot be removed to federal court now. Caterpillar, supra. Thus, the Court concludes that this action is not removable, and that Defendant's attempt to remove it is frivolous. It follows that Defendant's so-called "Motion for Transfer" must be denied, that his IFP application must also be denied, and that this case must be summarily remanded to the state court.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Defendant's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED;

2. Defendant's "Motion For Transfer," (Docket No. 1), be DENIED; and

3. This matter be summarily remanded to the Minnesota District Court, Second Judicial District, Ramsey County, Minnesota.

Dated: October 11, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before October 26, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.